UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAYDEN W. DARDEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|       v. | ) No. 1:23-cv-02250-JPH-CSW |
| | ) |
| KARL MARTINI, | ) |
| VOLGEMAN Sgt., | ) |
| WIEGAND CO, | ) |
| COLE Sgt., | ) |
| BRYANT Cpt., | ) |
| ROSS CO, | ) |
| THESSAN CO, | ) |
| FAWVER CO, | ) |
| BRANHAM CO, | ) |
| LAWSON Sgt., | ) |
| BOGGS Lt., | ) |
| VENSOR CO, | ) |
| | ) |
|     Defendants. | ) |

**ORDER DISMISSING COMPLAINT, DIRECTING FILING OF AMENDED COMPLAINT, AND DENYING MOTION FOR COUNSEL**

Plaintiff Jayden Darden is (or was) a prisoner currently incarcerated at Westville Correctional Facility. He filed this civil action alleging he was subjected to unconstitutional conditions of confinement while previously a prisoner at Correctional Industrial Facility. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

### I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

1

against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Plaintiff names as defendants: (1) Karl Martini; (2) Sgt. Volgeman; (3) CO Wiegand; (4) Sgt. Cole; (5) Cpt. Bryant; (6) CO Ross; (7) CO Thessan; (8) CO Fawver; (9) CO Branham; (10) Sgt. Lawson; (11) Lt. Boggs; and (12) CO Vensor.

Plaintiff alleges that at approximately 11 a.m. on October 5, 2023, he became upset and threw feces at an officer and also smeared feces all over himself and his cell. Officers removed Plaintiff from the cell and placed him in a different cell for a few hours. Officers used water to wash down Plaintiff's cell but failed to remove all the feces from it. Plaintiff complained about his cell not being adequately cleaned when he was returned to it at about 4 p.m. on October 5.

Plaintiff's requests to have his cell more thoroughly cleaned or to receive cleaning supplies himself were ignored until October 7 at approximately 5 p.m.

Plaintiff seeks damages.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

This action is brought pursuant to 42 U.S.C. § 1983. Section 1983 "provides a cause of action for the deprivation of constitutional rights by persons acting under color of state law." *Torres v. Madrid*, 141 S. Ct. 989, 994 (2020). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In this case, it is the Eighth Amendment.

> In cases involving the conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's prohibition against cruel and unusual punishment: first, an objective showing that the conditions are sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety—and second, a subjective showing of a defendant's culpable state of mind.

*Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) (internal citations and quotation omitted).

Prisoners are entitled to at least minimally-sanitary living conditions. *See Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989). The cleanliness (or lack thereof) of a prison's living quarters may be actionable if the conditions are

3

"unusually dirty or unhealthy . . . ." *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994). When considering a claim such as Plaintiff's, the degree of alleged filth must be balanced against the time the inmate was forced to endure it. *See McBride v. Deer*, 240 F.3d 1287, 1291–92 (10th Cir. 2001).

Plaintiff alleges that he had to spend approximately two days, or forty-eight hours, in a cell that was inadequately cleaned after he had smeared his feces all over it. This is a relatively brief period of time that courts have often concluded, under similar circumstances, is insufficient to state a claim of unconstitutional conditions of confinement in violation of the Eighth Amendment. "[T]he fact that some inmates smear feces on the walls of their [own] cells does not, without more, give rise to an unconstitutional condition of confinement." *Whitney v. Wetzel*, 2015 WL 4920071, at *8 (W.D. Pa. Aug. 12, 2015); *see also Ward v. Buchanan*, 2020 WL 7047820, at *2 (E.D. Wis. Dec. 1, 2020) (housing inmate in a cell where he had smeared his own feces on the wall does not violate the Eighth Amendment and conditions of confinement claim dismissed at screening) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

Of course, leaving an inmate in a feces-covered cell for an indefinite amount of time would be impermissible, no matter if the inmate had caused the unsanitary conditions in the first place. But, two days is not in and of itself an unconstitutional amount of time. *See Newmones v. Ransom*, 2024 WL 624239, at *4 (W.D. Pa. Feb. 14, 2024) (two days in cell covered in inmate's feces did not state an Eighth Amendment claim); *Harris v. Fleming*, 839 F.2d 1232, 1235–36 (7th Cir. 1988) (five day stay in "filthy, roach-infested cell" not unconstitutional).

4

Given the circumstances that caused Plaintiff's cell to become dirty in the first place, and that some officers did attempt to clean the cell initially (though not to Plaintiff's satisfaction), and that the dirtiness only lasted two days, the Court concludes that Plaintiff's allegations fail to state a claim that he was subjected to unconstitutional conditions of confinement in violation of the Eighth Amendment. The complaint is subject to dismissal.

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow plaintiff to amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through August 28, 2024, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a

5

demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Any amended complaint should have the proper case number, 1:23-cv-02250-JPH-CSW, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

### V. Motion for Counsel

Plaintiff has also filed a motion for counsel. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that

courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Plaintiff has not indicated whether he has attempted to contact any attorneys with requests for representation. Although he asserts having difficulty looking up contact information while incarcerated, that is a limitation

7

that many prisoners face. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. His motion for counsel, dkt. [11], is **denied without prejudice**.

### VI. Duty to Update Address

The Court notes that in another case before this Court, Plaintiff has filed a motion indicating in part that he anticipated being released from incarceration on July 3, 2024. *See Darden v. Martini*, 1:23-cv-02251-JRS-CSW, dkt. 14. His release from incarceration seems to be confirmed by information on the website of the Indiana Department of Correction. Plaintiff has not filed an updated address with the Court, either in that case or this case. He is required to do so within ten days of any change of address, as the Court previously informed Plaintiff in its "Notice to Pro Se Litigants." Dkt. 5. He must do so by **August 28, 2024**, or the case will be subject to immediate dismissal for failure to prosecute.

### VII. Conclusion

Plaintiff shall have **through August 28, 2024, to file an amended complaint**. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Additionally, Plaintiff must update his address with the Court by **August 28, 2024**, or this case will be subject to immediate dismissal for failure to prosecute.

Finally, Plaintiff's motion for counsel, dkt. [11], is **denied without prejudice**.

**SO ORDERED.**

Date: 7/31/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAYDEN W. DARDEN
265425
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391